■ CYNTHIA DZIURGOT, Individually and as Attorney-in-Fact for ROBERT DZIURGOT, Respondent, v TOWER 53 ASSOCIATES, Appellant.—Order, Supreme Court, New York County (Burton S. Sherman, J.), entered September 13, 1984, which, *inter alia,* granted plaintiff's motion for a preliminary injunction enjoining defendant from interfering with her tenancy pending the determination of this action, unanimously reversed, on the law, with costs and disbursements, and the motion denied.

In December 1974, pursuant to a lease, plaintiff's brother entered into possession of the subject apartment and, under successive renewal leases, the last of which ran from January 1, 1981 to December 31, 1983, remained in possession until December 1981. During the term of his occupancy, the brother used the apartment exclusively for commercial purposes, namely, to manage an investment and real estate business. The brother has not occupied the apartment since December 1981, when, after having been convicted of criminal charges, he failed to surrender and became a fugitive from justice. At about the time the brother vacated the apartment he executed a general power of attorney in favor of plaintiff, who thereafter continued the operation of his business interests from the apartment. Plaintiff and her brother never maintained the apartment as their joint residence. In January 1983 defendant, the owner, distributed an offering plan to convert the building to a condominium. The plan, presented on a noneviction basis, stated that only "bona fide rent stabilized tenants in occupancy" had the exclusive right to purchase at the insider's prices. Plaintiff thereafter, in her own name and in her own behalf, submitted a purchase agreement, which defendant promptly rejected on the ground she was not the tenant of record. After the brother's last renewal lease expired, defendant delivered a 30-day notice of termination. Before the expiration of the 30-day period plaintiff commenced this action seeking a declaration that she is entitled to purchase the apartment and injunctive relief. Special Term granted her motion for a preliminary injunction enjoining defendant from commencing a summary dispossess proceeding or in any way disturbing her possession. We reverse.

Special Term erred, as a matter of law, in concluding that plaintiff has demonstrated a likelihood of success on the

merits. Plaintiff, a complete stranger to the lease, who has never resided in the apartment with the tenant of record, and who simply continues, from time to time, to operate certain businesses there, is not entitled to purchase the apartment at the insider's price. Only the tenant of record, and not even a relative of the tenant who occupies the apartment with the tenant during a portion of the lease term, may exercise the rights of a tenant in a rent-stabilized apartment. (*Sullivan v Brevard Assoc.*, 66 NY2d 489.) Nor may plaintiff premise a right to a renewal lease on the Emergency Operational Bulletin issued by the Division of Housing and Community Renewal on December 10, 1985. Even assuming that the bulletin could efficaciously expand the protection of the Rent Stabilization Law beyond the perimeters of *Sullivan,* plaintiff, a sister of the named tenant, would not be entitled to its protection in any event, since, even though a nonimmediate family member, she did not, as is required, continuously reside in the apartment as a primary resident from the commencement of the tenancy, or the beginning of the relationship.

Accordingly, the motion for a preliminary injunction is denied. Concur—Kupferman, J. P., Sullivan, Carro, Asch and Fein, JJ.